**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> [7] FELIX MERCADO-IRIZARRY, <br><br> Defendant. | CRIMINAL NO. 00-333 (SCC)(HRV) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Pro se defendant Felix Mercado-Irizarry (hereinafter "defendant" or "Mr. Mercado-Irizarry") has filed a motion for reduction of sentence pursuant to section 404 of the First Step Act of 2018 ("FSA"). (Docket No. 1345). The United States opposes. (Docket No. 1365). The matter has been referred to me for report and recommendation. (Docket No. 1422). For the reasons set forth below, I recommend that defendant's motion be DENIED.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

For his role as an enforcer in a drug-trafficking organization, Mr. Mercado-Irizarry was charged in a one-count indictment along with 18 other co-defendants. (Docket No. 2). The indictment charged a conspiracy to possess with intent to distribute controlled substances, to wit, heroin, cocaine, and cocaine base, all in violation of 21

1

U.S.C. §§ 841(a) and 846. The alleged conspiracy spanned from 1992 until the return of the indictment in the year 2000. (*Id.*) The setting of the offense was the Tibes housing project in Ponce, Puerto Rico. (*Id.*)

Mr. Mercado-Irizarry exercised his right to a trial and was convicted by a jury. (Docket Nos. 495, 499). He was originally sentenced on December 17, 2001, to life imprisonment. (Docket Nos. 531, 532). The life sentence was driven by the application of the murder cross-reference found at U.S.S.G. §§ 2D1.1(d)(1) and 2A1.1. He appealed. (Docket No. 553). On April 11, 2005, the First Circuit affirmed defendant's conviction but vacated his sentence and remanded the case for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Irizarry*, 404 F.3d 497, 504 (1st Cir. 2005).

On re-sentencing, the defendant was again sentenced to life imprisonment. (Docket Nos. 847, 848). The sentencing judge again applied the murder cross-reference after finding that Mr. Mercado-Irizarry participated in several murders that were committed in furtherance of the conspiracy. (*See* Transcript of Re-sentencing Hearing, Docket No. 1082). The judge determined that even under the advisory guideline regime, life imprisonment was the sentence he understood to be warranted. Specifically, the judge stated:

> Further, there is evidence in the record in this case that the defendant was an enforcer and used violence, including murder, to carry out the objectives of the conspiracy. Therefore, the Court is of mind [sic] that the reasonable sentence in this case would be a sentence whereby the defendant is committed to the custody of Bureau of Prisons to be imprisoned for life.

(*Id.* at 23).

The First Circuit affirmed the sentence imposed as reasonable. (*See* Docket No. 957; *see also United States v. Mercado-Irizarry,* Appeal No. 05-2731 (1st Cir. July 18, 2007)). Several attempts to obtain post-conviction relief under 28 U.S.C. § 2255 have been unsuccessful. (*See* Civil No. 09-1026 (PG) and Civil No. 19-2160 (PG)).

On June 11, 2019, Mr. Mercado-Irizarry filed his first motion for reduction of sentence under the FSA, (Docket No. 1277). Said motion was denied on April 27, 2020. (Docket No. 1295). His appeal from the denial of the first FSA motion was dismissed as untimely. (Docket No. 1326).

On April 11, 2022, Mr. Mercado-Irizarry filed his second motion for sentence reduction under the FSA. (Docket No. 1345),[1] the one currently pending before the court. On July 6, 2022, the defendant filed a "Notice of Filing Supplemental Authority." (Docket No. 1362). The government opposed on July 11, 2022. (Docket No. 1365). The matter was referred to me by the presiding judge for report and recommendation on April 18, 2024. (Docket No. 1422).

### III.    APPLICABLE LAW AND DISCUSSION

Mr. Mercado-Irizarry argues that he is eligible for relief because he was convicted of a covered offense as that term is defined by § 404(a) the FSA and that neither of the limitations found in section 404(c) apply. He also contends that the statutory penalties

---

[1] On the same date, Mr. Mercado-Irizarry moved the court for the appointment of counsel. (Docket No. 1346). I find that appointment of counsel is not warranted in this case. *United States v. Perez-Crisostomo*, No. 16-cr-00085-GZS, 2023 WL 3821098, 2023 U.S. Dist. LEXIS 96877 (D. Me. June 5, 2023) (declining to appoint counsel in connection with a motion for compassionate release and request for reduction of sentence under section 404 of the FSA as there were no complex legal or factual issues and appointment of counsel would not provide meaningful assistance to the defendant.).

3

applicable to him under the Fair Sentencing Act are a minimum of five years and a maximum of 40 years.  According to Mr. Mercado-Irizarry, in cases of conspiracy to distribute multiple controlled substances, "the court can not [sic] sentence a defendant beyond the maximum sentence for the least serious of the three alleged controlled substances" in this case the 50 grams of crack. (Docket No. 1325 at 3).  He moves the court for a plenary re-sentencing hearing after asserting that he has completed many educational programs during the more than 21 years that he has been incarcerated and that he presents a low risk of re-offending.

In response, the United States assumes that the defendant is eligible for a sentence modification under the FSA. (Docket No. 1365).  The government contends, however, that the court should deny his request for a sentencing reduction in the exercise of its discretion because the § 3553(a) factors weigh against granting relief to the defendant. The government underscores the seriousness of the offense given defendant's role as an enforcer for the conspiracy and his participation in acts of violence including multiple murders.  The government likewise disagrees with the defendant's claim that his statutory exposure should be five (5) to 40 years and directs the court's attention to the special verdict forms in which the jury found beyond a reasonable doubt that the conspiracy involved more than five (5) kilograms of cocaine.  The sentence of life imprisonment, says the government, remains sufficient and not greater than necessary.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, raised the threshold quantities of cocaine base thus altering the mandatory minimum sentences in 21 U.S.C.

4

§ 841(b)(1).[2] These changes, however, were not applicable to convictions or sentences imposed before August 3, 2010. *See Dorsey v. United States*, 567 U.S. 260, 132 S. Ct. 2321, 183 L. Ed 250 (2012). Congress sought to change that with the enactment of the FSA. *See United States v. Smith*, 954 F.3d 446, 447-48 (1st Cir. 2020)(noting that the FSA "offers certain persons convicted under § 841 prior to enactment of the Fair Sentencing Act a chance to seek a retroactively reduced sentence.")

Specifically, section 404(b) of the FSA provides in pertinent part that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* §404(a). Nevertheless, even if a defendant is eligible for relief, the FSA "gives district courts discretion to grant or deny a sentencing reduction." *Smith*, 954 F.3d at 452 (*quoting* § 404(c): "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). In the exercise of said discretion, district courts "may consider other intervening changes of law

---

[2] The Fair Sentencing Act established distinct penalty ranges that correspond to only three distinct types of quantity-defined § 841 offenses: an offense with an unspecified amount of a controlled substance (which includes cocaine base), which has a penalty range of 0 to 20 years' imprisonment, *see* § 841(a), (b)(1)(C); an offense with an amount of 28 grams or more of cocaine base, which has the penalty range of 5 years' to 40 years' imprisonment, *see* § 841(a), (b)(1)(B)(iii); and an offense with an amount of 280 grams or more of cocaine base, which has the penalty range of 10 years' to life imprisonment, *see* § 841(a), (b)(1)(A)(iii).

5

(such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a[n] FSA motion." *Concepcion v. United States*, 597 U.S. 481, 488, 142 S. Ct. 2389, 213 L. Ed. 2d 730 (2022).

The government assumes eligibility and focuses its argument on the Court's discretion to deny relief despite defendant being eligible for a sentence reduction. In my view, it is questionable that Mr. Mercado-Irizarry is eligible for relief under the FSA. A review of the record shows that while the indictment alleged a conspiracy to distribute controlled substances including cocaine base, at trial, the jury found Mr. Mercado-Irizarry responsible for only powder cocaine and heroin. The jury was given a special verdict form for each defendant, which stated:

> Do you unanimously agree by proof beyond a reasonable doubt that the quantity of **cocaine** which was distributed and/or intended to be distributed as part of the conspiracy was five kilograms or more?

> Do you unanimously agree by proof beyond a reasonable doubt that the quantity of **heroin** which was distributed and/or intended to be distributed as part of the conspiracy was one kilogram or more?

(Docket No. 499)(emphasis added); *see also United States v. Irizarry*, 404 F.3d at 504.[3] The jury answered both questions in the affirmative. *Id*.

Because cocaine base was not attributed to the defendant by the finder of fact, it is debatable that the Mr. Mercado-Irizarry was sentenced for a covered offense. *See United States v. Gravatt*, 953 F.3d 258, 263 (4th Cir. 2020)("[A]n offense for possession

---

[3] It is not clear why the jury was not asked to determine the quantities for cocaine base.

6

with intent to distribute powder cocaine is plainly not a covered offense under the [First Step] Act."); *see also United States v. Rivera*, 824 Fed. Appx. 598, 600 (11th Cir. 2020)(convictions concerning heroin are not covered offenses). On the other hand, the jury returned a general verdict of guilty regarding count one of the indictment, which charged conspiracy to possess with intent to distribute controlled substances including cocaine base. Therefore, an argument could be made that the defendant's conviction is for a covered offense. *Cf. United States v. Bennett*, 855 Fed. Appx. 133, 134 (holding that the defendant was not convicted of a covered offense where the jury found Bennet guilty of conspiracy to distribute both cocaine and crack cocaine, but it more specifically found that the conspiracy involved only five (5) kilograms of powder cocaine). Here, the government operates under the assumption that the defendant is eligible, (Docket No. 1365 at 4), and so will I.

Even though I assume eligibility, I must reject the contention of the defendant that based on the Fair Sentencing Act's lowering of the threshold quantities of cocaine base, he is now subject to a statutory maximum term of imprisonment of 40 years. He relies on the Fourth Circuit's decision in *United States v. Collington*, 995 F.3d 347, 357-58 (4th Cir. 2021), which "effectively required district courts to apply the new statutory maximums established by the Fair Sentencing Act." *United States v. Reed*, 58 F.4th 816, 821 (4th Cir. 2023). *Collington*, however, is no longer good law. It was abrogated by the Fourth Circuit in *Reed*, after the Supreme Court decided *Concepcion*. *See United States v. Richardson*, 96 F.4th 659, 664 (4th Cir. 2024). Even if *Collington* was still good law, it would not help Mr. Mercado-Irizarry because the facts of this case are distinguishable.

7

In this case, different from *Collington*,[4] the defendant is subject to a statutory maximum of life based on the other controlled substances (powder cocaine and heroin) attributable to him and the quantities found by the jury (five kilograms or more and one kilogram or more, respectively.). *See United States v. Goodwin*, 37 F.4th 948, 949-50 (4th Cir. 2022)(the Fair Sentencing Act "did not alter the penalty for the powder cocaine object of the conspiracy with which Goodwin was charged; five kilograms or more of powder cocaine still carried a mandatory minimum of ten years' imprisonment and a maximum of life under § 841(b)(1)(A).").

Moreover, and as previously stated, that a defendant is eligible for relief is not the end of the inquiry. Courts have discretion to deny relief under the FSA to otherwise eligible defendants. *Concepcion v. United States*, 597 U.S. at 496 (noting that "§404(c) only underscores that a district court is not required to modify a sentence for any reason."). In deciding whether to exercise its discretion to modify a sentence under the FSA, the court must consider nonfrivolous arguments presented by the parties but need not necessarily be persuaded by them. *Id.* at 502. The Supreme Court in *Concepcion* stated that the FSA did not controvert the "well-established sentencing practice" of weighing the section 3553(a) factors in considering a reduction in sentence. *United States v. Rosario-Rivas*, Criminal No. 03-294 (GMM), 2024 WL 3488639, 2024 U.S. Dist. LEXIS 129729, at *7 (D.P.R. July 9, 2024)(*quoting Concepcion*, 597 U.S. at 495).

---

[4] The defendant in *Collington* pleaded guilty to Count Two which charged him with possession with intent to distribute five grams or more of cocaine base. *United States v. Collington*, 995 F.3d at 350-51.

Under the circumstances of this case, and in the exercise of its discretion, the court should decline to reduce defendant's sentence.

First, the government is correct that if sentenced today, Mr. Mercado-Irizarry's advisory guideline range would be the same: life imprisonment. The murder cross-reference would still apply and there are no other intervening changes in the law that would benefit the defendant with respect to the guideline range.

Second, Mr. Mercado-Irizarry's conduct was extremely serious. He was an enforcer in the drug conspiracy who participated in multiple murders in furtherance of said conspiracy. As per the evidence, he participated in at least three separate murders (Hueso, Wally, and the Venus Massacre where three individuals were killed in a shootout that took place in broad daylight). *United States v. Irizarry*, 404 F.3d at 500-501; *see also* Transcript of Re-sentencing Hearing, Docket No. 1082 at 17). Accordingly, I find that the seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote deterrence and respect for the law, weigh heavily against a reduction of sentence in this case.

These factors certainly outweigh any rehabilitative efforts of the defendant while serving his sentence. Mr. Mercado-Irizarry highlights that he has completed many educational courses and vocational programs. *See* Docket No. 1345-2. He also avers that given his age (43 years old), he presents a lower risk of recidivism. While commendable, the efforts at rehabilitation do not ameliorate the concerns related to his pre-

incarceration conduct.[5] *See United States v. Castillo-Torres*, Criminal No. 04-414-4 (RAM), 2024 WL 1672281 2024 U.S. Dist. LEXIS 74152, at *7-8 (D.P.R. Apr. 18, 2024). The life sentence imposed on Mr. Mercado-Irizarry should remain undisturbed.

## IV.    CONCLUSION

In view of the foregoing, I recommend that defendant's motion reduction of sentence at Docket No. 1345 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 16th of August, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

---

[5] I find it interesting that neither the defendant nor the government presented evidence regarding Mr. Mercado-Irizarry's behavior while serving his sentence at the Bureau of Prisons. Pursuant to *Concepcion*, the disciplinary record of a defendant would be something that the court should consider when deciding whether to modify a sentence. 597 U.S. at 498 (observing that judges considering sentencing reductions are naturally interested in the prisons records that First Step Act movants have amassed over the years.)